NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL HOLLAND, | No. 16-56428 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-00461-AG-JC |
| v. | |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted February 13, 2018**
Pasadena, California

Before: McKEOWN and WARDLAW, Circuit Judges, and QUIST,*** District Judge.

Michael Holland appeals from the district judge's grant of summary

judgment in favor of defendants in this 42 U.S.C. § 1983 action. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly granted summary judgment in favor of the defendant, the County of Los Angeles (County), under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Holland failed to raise a genuine dispute of material fact as to whether the County had a policy or custom of routinely delaying grievance hearings, refusing to conduct internal reviews, or requiring communication by telephone only. The County's written policy allowed internal reviews and written communications, and required compliance with statutory deadlines. Although Holland presented evidence that suggested that, due to understaffing, the Department of Child and Family Services (DCFS) routinely missed statutory deadlines, the undisputed evidence showed that DCFS's customary delay, if any, was not the "moving force behind the [alleged] constitutional violation." *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). DCFS's chief grievance review officer called Holland multiple times, and sent emails and letters for several months. The district court did not err in concluding that on this record no reasonable juror could conclude that Holland did not have an opportunity to schedule a grievance hearing, or that DCFS policy caused the delay.

2. The district court correctly concluded that the DCFS social worker defendants, Kathleen Brunson-Fluker, Vickie McCauley, Shiloh Davenport,

2

Natalie Oster, and Sue Pomerville, are entitled to qualified immunity. Holland failed to adduce any evidence that the social workers lied, fabricated, or suppressed evidence in their investigation or in court documents. Nor was there any evidence at summary judgment that the social workers started their investigation or reported Holland to the California Child Abuse Central Index in retaliation for Holland's 2007 book. Thus Holland has failed to demonstrate a genuine dispute of material fact as to whether the social workers fabricated evidence. *Cf. Costanich v. Dep't of Social Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010) (citing *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc) (describing the standard for a deliberate fabrication of evidence claim in the context of a juvenile dependency proceeding)). The district court properly concluded that the social workers were entitled to qualified immunity from suit under § 1983.

**AFFIRMED.**